**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOMINGO COLON MONTAÑEZ,<br><br>    Petitioner,<br><br>    v.<br><br>JEROME M. WALSH, Supervisor,<br><br>    Respondent. | CIVIL ACTION NO. 3:CV-13-2687<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE MEHALCHICK) |

## **MEMORANDUM**

Presently before the Court are Petitioner's Motion to Appoint Counsel (Doc. 5), Magistrate Judge Mehalchick's Report and Recommendation (Doc. 4) to Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), and Petitioner's Objections to the Report and Recommendation. (Doc. 9.) For the reasons that follow, the motion to appoint counsel will be denied, the Report and Recommendation will be adopted, the Petition will be dismissed, and the objections will be overruled.

## **I. Background**

Petitioner Domingo Colon Montañez, a state-court inmate incarcerated at SCI Dallas, filed his Petition on November 1, 2013. (Doc. 1.) Petitioner filed the Petition on a form petition for a "Writ of Habeas Corpus Under 28 U.S.C. § 2241." (*Id.*) Petitioner argues that he is being falsely imprisoned and unlawfully restrained following his conviction and sentence in the Court of Common Pleas of Berks County, Pennsylvania for rape, indecent assault, sexual assault, and simple assault. Specifically, he contends that his confinement is unlawful because the sentencing order was not properly filed in the state court's trial records, and, further, that the sentencing order failed to authorize his transfer to the jurisdiction of the Pennsylvania Department of Corrections. (*Id.*) As relief, Petitioner seeks discharge from confinement, a new trial, or an evidentiary hearing to determine the lawfulness of his custody at SCI Dallas. (*Id.*)

On November 6, 2013, Magistrate Judge Mehalchick issued the instant Report and Recommendation. Magistrate Judge Mehalchick reviewed the Petition pursuant to 28 U.S.C. § 2254 and not § 2241 because "he is in custody pursuant to the judgement of a state court." (Doc. 4, 1 n.1.) Moreover, the Magistrate Judge noted that Petitioner had previously challenged the same state judgment in a federal habeas proceeding before the United States District for the Eastern District of Pennsylvania, and that petition was dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). (*Id*. at 2 (citing *Colon Montañez v. Wilson*, No. 07-1200, 2007 WL 3341414 (E.D. Pa. Nov. 5, 2007)).) Thus, because the claims raised by Petitioner could have been raised in his prior petition, Magistrate Judge Mehalchick concludes that the Petition should be dismissed as a "second or successive" petition to which the Court lacks subject matter jurisdiction in the absence of authorization by the Third Circuit. (*Id*. (citing 28 U.S.C. § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815-17 (3d Cir. 2005)).)

Thereafter, on November 12, 2013, Petitioner filed a Motion to Appoint Counsel. (Doc. 5.) And, on December 13, 2013, Petitioner filed timely objections to the Report and Recommendation. (Doc. 9.) The motion for counsel and the objections to the Report and Recommendation are now ripe for review.

## II. Discussion

**A.    Motion to Appoint Counsel**

There is no absolute constitutional right to appointment of counsel in a federal habeas proceeding. *Coleman v. Thompson*, 501 U.S. 722, 757, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1989) ("the right to appointed counsel extends to the first appeal of right, and no further."). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* Rule 8(c) of the Rules

Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Iasiello*, 166 F.3d 212, 213 n.3 (3d Cir. 1999). Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2)(B). "Other factors a court must consider when making a decision regarding the appointment of counsel to represent a prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim." *White v. Williamson*, No. 08-520, 2008 WL 2020293, at *1 (M.D. Pa. 2008) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir.1991)); *see also Clay v. Sauers*, No. 12-5670, 2013 WL 4463563, at *5 (E.D. Pa. Aug.21, 2013) ("District courts have discretion to appoint counsel in habeas cases where the interests of justice so require. . . . Factors to consider include whether the claims raised are frivolous, the complexity of the factual and legal issues, and if appointment of counsel will benefit the petitioner and the court.").

Here, for the reasons detailed below, the Petition fails to present a colorable claim because it is subject to dismissal as a "second or successive" petition. Therefore, appointment of counsel is not warranted, and the motion will be denied.

**B.     Petitioner's Objections to the Report and Recommendation**

As noted, Magistrate Judge Mehalchick construed the Petition as requesting relief pursuant to 28 U.S.C. § 2254. Petitioner objects to this construction of the Petition. He argues that "[t]his Petition is not a second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, this Petition is filed under 28 U.S.C. § 2241(a)(c)(3), because indeed I am in custody at SCI-Dallas under false imprisonment in violation of the Constitution of the United States of America." (Doc. 9, 3-4.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099,

3

1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

Because the Petition is governed by § 2254 and not § 2241, the Report and Recommendation will be adopted and Petitioner's objections will be overruled. According to the Third Circuit, "[s]tate prisoners must bring challenges to the execution or conditions of their sentences under § 2254, not § 2241." *Keeling v. Pennsylvania*, 519 F. App'x 120, 121 (3d Cir. 2013) (per curiam) (citing *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (holding that habeas corpus petition seeking relief from state court judgment must be brought under § 2254, not § 2241); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."). In *Coady*, the Third Circuit stated:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. The rationale for this canon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to

4

> Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Coady, 251 F.3d at 484-85 (internal citations and internal footnote omitted). Thus, "[a]s *Coady* holds that § 2254 is the exclusive remedy for a person challenging custody imposed by the judgement of a state court," the Magistrate Judge correctly construed the "habeas petition as a petition under 28 U.S.C. § 2254." *Aruanno v. New Jersey*, No. 13-5704, 2013 WL 5574778, at *2 (D.N.J. Oct. 8, 2013).

A district court's jurisdiction over a second or successive petition under § 2254 is limited by 28 U.S.C. § 2244. Significantly, § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, absent authorization from the Third Circuit, the Court lacks jurisdiction over a second or successive petition. *Id*; *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 628 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").

As discussed above, Petitioner previously filed a § 2254 petition in the Eastern District of Pennsylvania challenging the same state judgment he challenges in this action. Thus, the instant Petition is a "second or successive" petition. And, because the Petition was filed without authorization from the Third Circuit, it will be dismissed for lack of jurisdiction. *See Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition acts as a jurisdictional bar."); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (authorizing dismissal for non-authorized second or successive petitions).

5

However, the dismissal will be without prejudice to any right Petitioner has to seek authorization from the Third Circuit to file a second or successive petition.

### III. Conclusion

For the above stated reasons, Petitioner's motion to appoint counsel will be denied and the recommendation to dismiss the Petition without prejudice will be adopted. Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is issued, the district court must make a determination as to whether a certificate of appealability should issue. *See* 3d. Cir. L.A.R. 22.2. A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal citations and quotations omitted). Because reasonable jurists would not debate the dismissal of the Petition, a certificate of appealability will not issue.

An appropriate order follows.

January 7, 2014  /s/ A. Richard Caputo
Date   A. Richard Caputo
   United States District Judge